IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAURICE R. POLK,

        Plaintiff,                    No. 2:11-cv-2842 LKK JFM P

   vs.

C/O R. BESENIAZ, et al.,           ORDER AND

        Defendants.              FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that his constitutional rights were violated when defendant Besenaiz brought false disciplinary charges accusing plaintiff of threatening her, and when defendant Daly refused to set aside the guilty finding during the inmate grievance process. This matter is before the court on defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

STANDARDS FOR A MOTION TO DISMISS

        Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197 (2007), and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes,

416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007). However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson, 551 U.S. 89, 127 S.Ct. at 2200 (quoting Bell Atlantic at 554, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff's complaint, filed October 27, 2011, contains the following allegations. On August 23, 2009, while plaintiff was in his cell, defendant Correctional Officer Besenaiz accused plaintiff of threatening her while she was doing her security check. Petitioner is innocent of the charge. On August 27, 2009, petitioner was found guilty of the charge at a disciplinary hearing. Petitioner filed an inmate grievance from the guilty finding, which was partially granted. During the appeal process, defendant Appeal Coordinator Daly interviewed defendant Besenaiz. During the interview defendant Besenaiz told defendant Daly she couldn't be responsible for a mistake the lieutenant made. Defendant Daly failed to make any correction to guilty finding based on defendant Besenaiz' statement.

## ANALYSIS

Defendants seek dismissal of this action on the ground that plaintiff's claims are barred by the rule announced in Heck v. Humphrey, 512 U.S. 477 (1994) and its progeny. Defendants also contend that plaintiff has failed to state a cognizable due process claim against either defendant Besenaiz or defendant Daly. In support of the motion to dismiss, defendants have filed a request for judicial notice of the Rules Violation Report referred to in plaintiff's complaint and a chronological history form showing that plaintiff lost sixty days of good time credits as a result of the disciplinary conviction and that those credits have not been restored. Good cause appearing, the request for judicial notice will be granted. See Knievel v. ESPN, 393

F.3d 1068, 1076 (9th Cir. 2005) (internal citation omitted) (on a motion to dismiss, court may "take into account documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff]'s pleading.'")[1]

In Heck, the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486. Under Heck, the court is required to determine whether a judgment in plaintiff's favor in this case would necessarily invalidate his conviction or sentence. Id. If it would, the complaint must be dismissed unless the plaintiff can show that the conviction or sentence has been invalidated. In Edwards v. Balisok, 520 U.S. 641 (1997), the rule announced in Heck was extended to prison disciplinary convictions "that implicate[] the prisoner's term of confinement." Ramirez v. Galaza, 334 F.3d 850, 856 (citing Edwards, 520 U.S. at 646).

Here, plaintiff lost sixty days of good time credits as a result of the disciplinary conviction at issue and those credits have not been restored. See Ex. B to Defendants' Request for Judicial Notice. This court finds that plaintiff's claims implicate the validity of plaintiff's

---

[1] On July 3, 2012, plaintiff filed a sur-reply to defendants' June 27, 2012 reply brief in support of the motion to dismiss. On July 16, 2012, defendants filed a motion to strike plaintiff's sur-reply, and on July 23, 2012, plaintiff filed a motion for leave to file the sur-reply and to oppose defendants' motion to strike. The substance of plaintiff's sur-reply consists of representations that he did refer to both an inmate appeal and a disciplinary conviction in his complaint, and a "reminder" that plaintiff is seeking declaratory relief as well as money damages. One of the inmate appeals identified in plaintiff's complaint, to which he refers in the sur-reply, is also appended to plaintiff's opposition to defendants' motion to dismiss. This appeal, SAC Appeals Log # 10-00234, concerns a different rules violation conviction. The court has reviewed plaintiff's July 3, 2012 sur-reply and finds that, while it contains no information relevant to disposition of the motion at bar, it does shed some light on the allegations of the complaint with respect to plaintiff's inmate appeal numbers. For that reason, defendants' motion to strike will be denied and plaintiff's motion for leave to file the sur-reply will be granted.

prison disciplinary conviction, that plaintiff lost time credits as a result of that conviction, and that the conviction has not been invalidated nor have the lost time credits been restored. Accordingly, this action should be dismissed without prejudice. See Heck v. Humphrey, 512 U.S. at 486-87.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' June 6, 2012 request for judicial notice (Docket No. 21) is granted;

2. Defendants' July 16, 2012 motion to strike (Docket No. 25) is denied;

3. Plaintiff's July 23, 2012 motion for leave to file a sur-reply (Docket No. 26) is granted; and

IT IS HEREBY RECOMMENDED that:

1. Defendants' June 6, 2012 motion to dismiss (Docket No. 20) be granted; and

2. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to

/////
/////
/////
/////
/////
/////
/////

1  file objections within the specified time may waive the right to appeal the District Court's order.
2  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: September 27, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

12;polk2842.57