UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE R. POLK, | No. 2:11-cv-02842 LKK DAD P |
| Plaintiff, | |
| v. | ORDER |
| C/O R. BESENIAZ et al.,, | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion to re-open this case.

**PROCEDURAL HISTORY**

On September 27, 2012, then-assigned U.S. Magistrate Judge John F. Moulds issued an order and findings and recommendations, recommending that defendants' motion to dismiss be granted and this action be dismissed without prejudice based on Heck v. Humphrey, 512 U.S. 477 (1994) and its progeny. On November 13, 2012, the court adopted those findings and recommendations in full and dismissed this action without prejudice. More than a year later, on February 5, 2014, plaintiff filed the pending motion to re-open this case. Defendants oppose the motion.

/////

/////

**DISCUSSION**

The court construes plaintiff's motion as a motion pursuant to Fed. R. Civ. P. 60(b), which provides:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In his motion, plaintiff complains that prison officials are keeping him confined beyond his release date. Defendants oppose the motion on the ground that the current allegations are unrelated to the claims raised in this civil rights action, which were based on an allegedly invalid prison disciplinary conviction. Plaintiff's motion contains no allegations which connect his present assertion that he is being held past his release date to the challenged disciplinary conviction. Rule 60(b) does not authorize relief from a final judgment in order to assert new and unrelated claims.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to re-open this case (Doc. No. 31) is denied.[1]

DATED: June 20, 2014.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

/polk2842.60b

---

[1] Nothing in this order precludes plaintiff from filing a new action to challenge the alleged unlawful detention.

2